**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| DOUGLAS LYNCH, individually, and on behalf of all others similarly situated,<br><br>                 Plaintiff,<br>v.<br><br>MOTOROLA MOBILITY LLC d/b/a MOTOROLA and LENOVO (UNITED STATES) INC.,<br><br>              Defendants. | **CLASS ACTION COMPLAINT**<br><br>**<u>JURY DEMAND</u>** |

Plaintiff DOUGLAS LYNCH ("Plaintiff"), on behalf of himself and all others similarly situated, alleges as follows:

**I.       NATURE OF THE ACTION**

1.       This is an action for breach of warranty, unfair business conduct, and unjust enrichment arising from the failure of Defendant Motorola Mobility LLC ("Motorola") to comply with its obligations under its express warranty to purchasers of Motorola smart phones and smart watches ("Devices").

2.       Motorola's express warranty provides that Motorola will repair, replace or refund the purchase price of Devices that develop defects within 12 months of purchase.  Motorola breached this promise by failing to repair, replace or refund the purchase price of Plaintiff's Motorola smart watch, and many other Devices belonging to members of the proposed Class, that failed within 12 months of purchase.  Plaintiff seeks damages, restitution, and injunctive relief for himself and on behalf of similarly situated purchasers.

3.       Complaints of Motorola's deficient warranty performance have been mounting since Defendant Lenovo (United States) Inc. ("Lenovo") acquired Motorola, in October 2014.

Many consumers with failing Devices under warranty have been subjected to a lengthy series of phone calls, e-mails, and broken promises.  As a result, many consumers have given up on obtaining relief under Motorola's warranty.  In addition, Motorola keeps Devices returned pursuant to warranty for several months, leaving consumers without a working device or a reliable indication of when a replacement may be provided.  When Motorola does provide replacement products—to consumers willing and able to wait—those products often work no better than the failing Devices that were returned to Motorola.  In many other instances, Motorola refuses to provide any repair, replacement or reimbursement to consumers who return failing Devices under warranty.

## II.    PARTIES

4.    Plaintiff Douglas Lynch is a resident and citizen of the state of Georgia.

5.    Defendant Motorola Mobility LLC ("Motorola") is a Delaware corporation with its principal place of business in Chicago, Illinois.  Motorola is a wholly owned subsidiary of Lenovo (United States) Inc.

6.    Defendant Lenovo (United States) Inc. ("Lenovo") is a Delaware corporation with its principal place of business in Morrisville, North Carolina.  Lenovo is a wholly-owned subsidiary of Lenovo Holding Company, Inc., a subsidiary of Lenovo Group Limited, which is a Hong Kong corporation with its principal place of business in Beijing, China.  Lenovo Group Limited, in turn, is a principal subsidiary of Legend Holdings Limited, a Beijing-based conglomerate whose largest shareholder is the Chinese government.

## III.   JURISDICTION AND VENUE

7.    This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a proposed class action in which: (1) there are at least

100 Class members; (2) the combined claims of Class members exceed $5,000,000, exclusive of interest, attorneys' fees, and costs, and (3) Plaintiff and Defendants are domiciled in different states.

8.     The Court also has jurisdiction over this action pursuant to 15 U.S.C. § 2310(d) based on Plaintiff's claim under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

9.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Motorola's principal place of business is within this District and a substantial part of the events or omissions giving rise to the claim occurred here.

## IV.     FACTUAL ALLEGATIONS

### A.     Motorola's Moto 360 Smart Watch

10.     Motorola manufactures, markets, sells and warranties the Moto 360 Smart Watch, a digital watch that can communicate with cellular phones to allow e-mails, text messages, and calendar alerts to be displayed on the Moto 360.

11.     Though the technology in each Moto 360 Smart Watch is identical, Motorola sells the watch face in a variety of colors and watch bands of different colors and materials.  The starting price of a Moto 360 is $299.99.  A Moto 360 with all available product features can cost $449.99 or more.  A metal band on a Moto 360 adds $50 to the base price of the product.

12.     Since November 2014 at the latest, Motorola has known that the Moto 360's plastic back plate is prone to cracking.  Motorola product managers for the Moto 360 engaged in a question-and-answer session on Reddit, a popular Internet forum, in November 2014.  The top-rated question in that session concerned the Moto 360's back-plate defect.  When asked to comment on the "seemingly higher than normal amount of watches out there coming up with cracked backs," a Moto 360 product manager responded that "this is the question I've been most

eager to answer." He went on to state that this issue was affecting only a fraction of one percent of users, and that people with Moto 360s with cracked backs should "please return it! It's covered under warranty . . . . just wear it like you normally would and we'll cover you for the rest." Dozens of consumers with Moto 360s with cracked backs commented on that response.

13. An online consumer survey showed that 96 of 414, or 23.2%, of owners of Moto 360s reported a cracked back as of October 2014. In 2015, Motorola redesigned the Moto 360 because of the unusually high failure rate associated with the plastic back plate.

**B.  Motorola's Smart Phones**

14. Motorola also manufactures, markets, sells and warranties a variety of smart phones. Consumers have encountered a variety of problems relating to Motorola smart phones. These problems include defective charging ports, garbled screens, speakers that do not work, and batteries that overheat or rapidly drain power.

**C.  Motorola's Warranty**

15. All Motorola products are covered by Motorola's Global Limited Warranty (the "Warranty"). The Warranty is incorporated by reference into this complaint, and is available at:

https://motorola-global-portal.custhelp.com/ci/fattach/get/797995/1391012650/redirect/1/filename/Global%20Limited%20Warranty10-3-13-1.pdf)

16. Motorola's Warranty promises original purchasers of Motorola products that the products will be free of defects for 12 months after purchase.

17. With respect to products that develop defects within 12 months after purchase, Motorola promises in its Warranty that it will do one of the following, in its discretion: "(1) repair the Product using new, used or reconditioned replacement parts; or (2) replace the Product with a new or 'as new' reconditioned Product; or (3) refund the purchase price."

18.    In its Warranty, Motorola instructs consumers with defective products to:

a.    attempt to troubleshoot the problem online using instructions at Motorola.com;

b.    download software updates; or,

c.    if these measures do not work, to "contact Motorola using the contact details provided on the customer support website at [insert url]" [sic].

19.    Because the Warranty omits a website address with Motorola's contact information, many consumers do not know where to turn for warranty service.

**D.    Motorola's Inadequate Warranty Performance**

20.    In October 2014, Lenovo acquired Motorola, and almost immediately there was a pronounced uptick in complaints regarding Motorola on consumeraffairs.com.



21.    The number of complaints submitted to the Better Business Bureau ("BBB") regarding Motorola increased markedly over the same time period.



22.     Since being acquired by Lenovo, Motorola has engaged in conduct that breaches the terms of Motorola's Warranty and is unfair and substantially injurious to consumers.

23.     Motorola does not deliver repairs or replacements promptly to consumers. Motorola disseminates inaccurate information regarding the timing of warranty relief.  The remedial measures that Motorola provides for failing Devices under warranty are not forthcoming to consumers until several weeks or months after they initiate contact with Motorola regarding the problem.

24.     The relief afforded by Motorola to consumers with defective Devices under warranty is inadequate and in derogation of the promises in the Warranty.  Motorola either refuses to repair or replace defective Devices under warranty or replaces such products with Devices that contain defects of their own.

25.     Motorola receives a rating of 1.1 stars out of a possible 5 on Consumer Affairs' website (https://www.consumeraffairs.com/cell_phones/motorola.html).  A sampling of

consumer complaints on that website demonstrates the widespread nature of Motorola's failure

to perform its warranty obligations:

| | |
|---|---|
| 4/11/2016 | I purchased a Turbo 2 from Motorola on Feb 28th. I received it on March 3rd. The device failed on March 8th and I have been trying to get a refund or a brand new replacement since then. Motorola keeps trying to send me a like new device. I either want a brand new device in the original unopened box or a full refund. Motorola sent me a used device two and I keep returning it. |
| 3/23/2016 | I have sent my phone back for replacement 3 times now and am awaiting my 4th phone (Moto X Pure) to arrive in the mail using the advance exchange program. They do not send you a new phone as a replacement using this 25 dollar exchange program. They will send you a used phone that they have not tested except for some program they run on the phone that apparently does not find the defects that I have experienced. The first two replacement phones would not receive any signal and the third phone records static with videos recorded by the phone. I discovered they send used phones when I discovered a dent on the charging port of the 3rd replacement phone (along with the static problem). My conclusion is that they stockpile used phones customers return and send them back to customers who request an exchange. They do not seem to put any effort into checking the phones workings. This opinion was verified today while talking to the escalated service repair team. She told me she would make a note on my service request that they test my phone before sending it to me... This is not standard procedure then, to check the used phones they send to you as a replacement for your new phone. I love the features of this phone but will not be buying Motorola again due to poor business practices. I hope you read this before experiencing the same story as me and the others on this site. |
| 3/18/2016 | I purchased Moto X Pure edition which arrived on 2/25/2016. Within 5 days, I called Motorola because there was always buzzing/static sound while I was on the phone. The customer service told me I could get a replacement since it was within 14 days. I didn't get RMA for 2 days after that until I asked about it again. So, on 3/10/16, I got a replacement which also had the same problem after installing its update. Since 14 days return period passed for waiting for the replacement, Motorola refused to refund me. Their next offer was to have it repaired or to send me another replacement with $500 credit hold on my credit card until they receive the replacement back. I took repair since there was no way to give them my credit card information again. Now I'm sending back the phone for repair but not expecting much based on all other reviews I read here. I would be lucky if I get a fully functional phone back. |
| 3/11/2016 | Don't ever buy a Motorola phone. I bought a phone which was defective, changed it under warranty which again fell through in 3 months. They send me another phone and this time the new phone did not have a back cover. Within 6 months, I had 3 exchange and out of 6 months was without a phone for 2 months, because of their carelessness. Their phones don't last for 3 months and then they send such quality product that the phone doesn't have a back cover. |

| 2/26/2016 | STAY AWAY FROM THE REPAIR SERVICE, seek another company! They tell you that they will have your phone back in a week and for me it has been a month! It's very frustrating because I'm starting a new job and they have no way of contacting me! The operators are difficult to understand and they tell you lies! They told me that I would receive my phone last week and now they are saying that I will receive it next week, there is a poor communication system with their business. I have never received such horrible service!!! Next time I will seek another repair service even if it's double the cost. |
|---|---|
| 2/8/2016 | Last December the screen of my Moto X Pure got cracked. The repair service request process was smooth. I got my shipping label just a few minutes after I submitted the request, and then I shipped it through FedEx, but this is where all the good things ended. I shipped my phone on 12/28/2015, and now is 2/08/2016. I have not gotten my phone back. I called the customer service a few times, and the agents kept telling me that they do not have the parts in stock and therefore cannot fix my phone. This is RIDICULOUS. The irony is that they said on their website that "we stand by our products and we're going to do our best to fix or replace it - fast." … |
| 1/30/2016 | Bought a Moto X in October and truly loved the phone.. Then I broke the screen. Called Motorola and they said send it in, $60 and 5 days I'll have it back. It's now been nearly 4 months, multiple calls they keep telling me they're backed up. Can't talk to a supervisor, they will not reduce the fee or offer any concessions. To make it worse, they said I won't get my actual phone but a refurbished replacement that may not be the same color... IF I ever actually get it back. I feel like they stole my phone and I'll never get it back.. What should I do? Can you call the police? Motorola stole it... Worst customer service experience in my entire life. |
| 1/27/2016 | I contacted Motorola to repair my wife's Moto X which had a broken screen. I sent them the phone and paid for the repair on December 9, 2015. I was told it would take 3-6 days and we'd get the phone back. I have called repeatedly to get updates since and still no phone. My wife's phone was a nice custom Moto X Maker with custom colors and 32GB of storage. On the first update I called to ask where the phone was and was informed they couldn't find a suitable replacement. I learned we wouldn't get the original phone back and that she would only get 16GB of storage. It's nearly February and I still have no phone. If I get the phone back it certainly won't be the same device I paid for…. |

26.     On the Customer Service Scoreboard website

([www.customerservicescoreboard.com](www.customerservicescoreboard.com)), Motorola has received 388 negative comments and 22

positive comments.  On a scale of 1 to 10, Motorola's customer service received a 1.6 in the

category of "Issue Resolution."  Motorola's overall rating on Customer Service Scoreboard is 29.37 out of 200:



### E.      Facts Specific to Plaintiff

27.      In December 2014, Plaintiff Lynch purchased a Motorola Moto 360 Smart Watch.

28.      On September 4, 2015, the back plate of Lynch's Moto 360 cracked.  That same day, Lynch began a return merchandize authorization process with Motorola.  A Motorola employee informed him that processing his return and preparing shipment of a replacement product would take four business days from when Motorola received Lynch's Moto 360.

29.      On September 9, 2015, Motorola confirmed it had received Lynch's Moto 360.

30.      On September 21, 2015, having heard nothing from Motorola, Lynch contacted Motorola by phone and was informed that a replacement of his model was unavailable.  Lynch offered to pay the difference in price between his Moto 360 and a newer model, but the Motorola representative declined.

31.      In a subsequent phone call, a Motorola representative told Lynch that a replacement was being sent from Motorola's factory in China, and that delivery of that product would take a few weeks.  Motorola then sent Lynch an e-mail confirming shipment of Lynch's replacement product.  The e-mail showed that Motorola had shipped Lynch a cheaper model of Moto 360 than the model he purchased.

32.      Lynch contacted Motorola about this discrepancy and was informed that the e-mail was erroneous and he would receive the same model he purchased.

33. Lynch received his replacement Moto 360 in November or December of 2015. The replacement product was a cheaper Moto 360 than the model Lynch purchased. The replacement product contained a leather band; the product Lynch purchased contained a metal band.

34. Rather than communicate further with Motorola, Lynch purchased a new smart watch from a competitor of Motorola.

## V. CLASS ACTION ALLEGATIONS

35. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all others similarly situated (the "Class").

36. The proposed Class and Subclass are defined as follows:

> **The Nationwide Class**: All persons in the United States who purchased a Motorola smart phone or smart watch that experienced a defect within 12 months after purchase and subsequent to October 2014.

> **The Georgia Subclass**: All persons who purchased in the state of Georgia a Motorola smart phone or smart watch that experienced a defect within 12 months after purchase and subsequent to October 2014.

> The following persons are excluded from the Class and Subclass: (1) Defendants and their parents, subsidiaries and affiliates; (2) all persons who make a timely election to be excluded from the Class; and (3) Judges to whom this case is assigned and their immediate family members.

37. Plaintiff reserves the right to modify or amend the definitions of the Class and Subclass as appropriate.

38. Certification of Plaintiff's claims for class action treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims and because this case meets the requirements of Federal Rule of Civil Procedure 23.

39. **Numerosity Under Rule 23(a)(1)**.  The members of the Class are so numerous that individual joinder of all the members is impracticable.  Thousands of Class members have been damaged by Motorola's conduct described herein.

40. **Commonality and Predominance Under Rule 23(a)(2) and (b)(3)**.  This action involves common questions of law and fact, which predominate over any questions affecting individual Class members.  These common questions include, without limitation:

       a.       Whether Motorola breached its Warranty to Plaintiff and the Class;

       b.       Whether Motorola engaged in unfair business practices by failing to honor its warranty obligations;

       c.       Whether Motorola was unjust enriched as a result of the practices and violations described herein;

       d.       Whether Plaintiff and the Class are entitled to damages and, if so, in what amount; and

       e.       Whether Plaintiff and the Class are entitled to equitable relief, including restitution.

41. **Typicality Under Rule 23(a)(3)**.  Plaintiff's claims are typical of the claims of the Class.  Plaintiff, like all Class members, purchased a Motorola Device that failed within 12 months after purchase, and Motorola's warranty program was uniformly inadequate during the Class period.  As a result, each Class member's claims, grounds for relief, and injury are common and typical.

42. **Adequacy of Representation Under Rule 23(a)(4)**.  Plaintiff is an adequate Class representative because his interests align with the interests of the proposed Class.  Plaintiff has retained counsel competent and experienced in complex class actions who will prosecute this

action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

43. **Superiority Under Rule 23(b)(3)**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy, in that:

a. The prosecution of separate actions by individual Class members would create a foreseeable risk of inconsistent or varying adjudications, which would establish incompatible results and standards.

b. The claims of individual Class members are relatively small compared to the burden and expense that would be required to litigate their claims individually. As such, it would be impracticable for Class members to seek redress for Motorola's wrongful conduct in separate actions.

c. Class action treatment here will avoid waste, delay, and duplication from a multitude of individual actions and will conserve the resources of the courts. A class action provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.    CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(On Behalf of the Nationwide Class)**

44. Plaintiff incorporates the above allegations by reference.

45. Motorola manufactured and sold Motorola products to Plaintiff and Class members.

46. At the time of sale, Motorola promised Plaintiff and Class members that the Motorola products they were purchasing would be "free from defects for a period of 12 months

from the date of original purchase." At the time of sale, Motorola expressly warranted that it would repair, replace, or refund the purchase price of products that do not conform to this Warranty.

47.    On September 4, 2015, approximately ten months after he purchased a Motorola smart watch, Plaintiff notified Motorola of a defect in this Device.

48.    Motorola breached its express warranty to Plaintiff, by failing to repair the defect in his Device or to provide him with a refund or an equivalent replacement product.

49.    Motorola similarly breached its express warranty to Class members by failing to repair the defects in their Devices or to provide them with a refund or an equivalent replacement product.

50.    At all relevant times, Plaintiff and Class members relied on the promises in Motorola's Warranty.

51.    Plaintiff and Class members fulfilled all conditions precedent to obtaining the relief Motorola promised under the Warranty.

52.    As a direct and proximate result of Motorola's breaches of express warranty, Plaintiff and Class members have been damaged in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF
### Violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*
### (On behalf of the Nationwide Class)

53.    Plaintiff incorporates the above allegations by reference.

54.    Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

55.    Defendant Motorola is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

56.    Motorola's Devices are consumer products as defined in 15 U.S.C. § 2301(1).

57.     The Warranty that Motorola provided to Plaintiff and Class members is a "written warranty" within the meaning of 15 U.S.C. § 2301(6).

58.     In violation of 15 U.S.C. § 2304(a), Motorola breached its Warranty by failing to repair or refund the purchase prices of defective Devices under warranty returned by Plaintiff and Class members, or to replace such Devices with equivalent products.

59.     In addition, Motorola's Warranty fails to comply with 15 U.S.C. § 2302(a)(7). The Warranty does not provide sufficient direction to consumers seeking to avail themselves of its protections.  Instead, the Warranty states that such consumers should communicate with Motorola using contact information available at "[insert url]" [sic].

60.     Under 15 U.S.C. § 2310(e), notice of Motorola's breach of warranty need not be provided until after Plaintiff has been appointed as a Class representative.

61.     As a direct and proximate result of Motorola's violations of the Magnuson-Moss Warranty Act, Plaintiff and Class members have been damaged in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**Violations of the Fair Business Practices Act,**
**Ga. Code Ann. § 10-1-390, *et seq.***
**(On Behalf of the Georgia Subclass)**

62.     Plaintiff incorporates the above allegations by reference.

63.     Plaintiff is a "consumer" within the meaning of Ga. Code Ann. § 10-1-392(a)(6).

64.     Plaintiff's purchase of a Moto 360 smart watch is a "consumer transaction[]" within the meaning of Ga. Code Ann. § 10-1-392(a)(10).

65.     Plaintiff and Defendants Motorola and Lenovo are "person[s]" within the meaning of Ga. Code Ann. § 10-1-392(24).

14

66.     Motorola engaged in the practices alleged herein in the course of marketing and selling goods and services in trade and commerce.

67.     Motorola's acts and practices described herein violate Ga. Code Ann. § 10-1-393.

68.     Motorola engages in a business practice of refusing to repair or replace defective Devices returned pursuant to its Warranty, or replacing such Devices with inferior products of lesser value than the purchased product as marketed.

69.     Motorola's business practice in this regard is unfair, unscrupulous, immoral, and oppressive to consumer purchasers.  Motorola's Warranty provides that Motorola will replace a defective Device with a like-kind Device, or repair or refund the purchase price of the defective Device.

70.     Motorola's unfair conduct in failing to uphold the terms of its Warranty involves the breach of a duty owed to the consuming public at large and harms the overall marketplace for the goods sold by Motorola.

71.     As a direct and proximate result of Motorola's unfair conduct, Plaintiff and Subclass members have been damaged in an amount to be proven at trial.

**FOURTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On behalf of the Nationwide Class)**

72.     Plaintiff incorporates the above allegations by reference.

73.     Plaintiff and Class members conferred a benefit on Motorola by purchasing and paying for Motorola Devices.

74.     The Motorola Devices that Plaintiff and Class members purchased were defective. Motorola failed to uphold the terms of its Warranty in that it did not adequately repair or replace defective Devices under warranty purchased and returned by Plaintiff and Class members.  Nor

15

did Motorola refund the purchase price of such Devices. Under these circumstances, Motorola should not be permitted to retain the benefit it received from Plaintiff and Class members.

75. Retention by Motorola of its profits from sales of defective Devices that Motorola failed to adequately repair, replace, or refund under the terms of its Warranty would be unjust and inequitable.

76. Plaintiff and Class members are entitled to restitution of their loss. Motorola should be required to disgorge its ill-gotten gain.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, prays that the Court certify the Class and Subclass as defined herein, enter judgment against Defendants and in favor of Plaintiff and the Class and Subclass, and award the following relief:

a.  Actual damages according to proof;

b.  Equitable relief to include restitution and an injunction requiring Motorola to comply with the express terms of its Warranty;

c.  Costs of notice to the Class and Subclass;

d.  Reasonable attorneys' fees and costs;

e.  Pre-judgment interest as prescribed by law; and

f.  Such other and further relief the Court deems proper.

## VIII. JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

DATED: April 21, 2016                        Respectfully submitted,

                                             By: /s/ *Kenneth A. Wexler*

Kenneth A. Wexler
Mark R. Miller
Adam Prom
WEXLER WALLACE LLP
55 W. Monroe Street, Ste. 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 246-0022
kaw@wexlerwallace.com
mrm@wexlerwallace.com
ap@wexlerwallace.com

*Plaintiff's Liaison Counsel*

Daniel C. Girard (*pro hac vice forthcoming*)
Jordan Elias (*pro hac vice forthcoming*)
Esfand Y. Nafisi
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Norman E. Siegel (*pro hac vice forthcoming*)
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Phone: (816) 714-7100
Facsimile: (816) 714-7101

*Counsel for Plaintiff and the Putative Class*

17