## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS LYNCH, JARIEL ARIAS, KYLE JOHNSON, JANNA LAVERDIERE, ROBERT MAHON, JORDAN POTTS, and JEFFREY SANDERS, individually, and on behalf of all others similarly situated, <br><br>               Plaintiffs, <br> vs. <br><br> MOTOROLA MOBILITY LLC d/b/a MOTOROLA and LENOVO (UNITED STATES) INC., <br><br>               Defendants. | Case No. 16-CV-04524 <br><br> Hon. Gary Feinerman |

### MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION TO APPOINT INTERIM CLASS COUNSEL

## I.    INTRODUCTION

Plaintiffs Douglas Lynch, Jariel Arias, Kyle Johnson, Janna Laverdiere, Robert Mahon, Jordan Potts, and Jeffrey Sanders ("Plaintiffs") respectfully move the Court to enter an Order appointing Daniel C. Girard of Girard Gibbs LLP and Mark Miller of Wexler Wallace LLP to serve as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). The motion is unopposed by Defendants Motorola Mobility LLC d/b/a Motorola ("Motorola") and Lenovo (United States) Inc. (collectively, "Defendants").

Girard Gibbs and Wexler Wallace have a track record of successfully litigating and resolving consumer class actions and other complex cases. Mr. Girard and Mr. Miller and their teams have been diligent in investigating this matter and advancing the litigation. Counsel are familiar with the facts and legal issues in this matter and intend to continue advancing this case

expeditiously.  Plaintiffs' counsel believe appointment of interim class counsel will discourage the filing of duplicative complaints, which would cause delay and added expense.  By exercising its authority under Rule 23(g) to appoint interim counsel, the Court will promote the fair and efficient resolution of this action.

Plaintiffs therefore respectfully request that the Court grant this motion.

## II.    RELEVANT BACKGROUND

This case arises from Motorola's alleged failure to perform on its express warranty to purchasers that the personal electronic devices it sells will be free from defects.  Amended Compl. ¶¶ 1-2.  If a device develops a defect within 12 months of purchase, Motorola warrants that it will, in its discretion, either (1) repair the device using new, used, or reconditioned replacement parts; (2) replace the device with a new or "as new" reconditioned device; or (3) refund the purchase price of the device.  *Id*. ¶ 2.  Plaintiffs allege Defendants breached this express warranty by failing to adequately repair, replace, or refund the purchase price of devices that manifested defects within 12 months of purchase.  *Id*. ¶ 3.  Plaintiffs further allege that Motorola charged Plaintiffs for warranty service and out-of-warranty repairs that Motorola ultimately did not provide.  *Id*.

Before filing this action, Girard Gibbs and Wexler Wallace carefully investigated the underlying facts and interviewed numerous members of the proposed class.  *See* Declaration of Daniel C. Girard in Support of Motion to Appoint Interim Class Counsel, ¶ 5 ("Girard Decl."); Declaration of Mark R. Miller in Support of Motion to Appoint Interim Class Counsel, ¶ 4 ("Miller Decl.").  Among other work since case inception, counsel amended the complaint as of right, prepared for and participated in the Rule 26(f) meeting, initiated discovery of Motorola, served subpoenas on third-party resellers of Motorola devices, reviewed significant numbers of

documents produced by Defendants, conferred with Defendants on matters relating to discovery and case management, participated in court conferences, and are preparing a response to Defendants' motion to dismiss.  Girard Decl., ¶ 6; *see also* Miller Decl., ¶ 4.  The parties agree that entry of an order appointing interim class counsel is warranted here.  Girard Decl., ¶ 12.

## III.   THE COURT SHOULD EXERCISE ITS DISCRETION TO APPOINT INTERIM CLASS COUNSEL

### A.   Appointment of interim class counsel will discourage duplicative filings.

The Court's authority to designate interim class counsel falls within its "broad discretion in managing a class action." *Mars Steel Corp. v. Continental Ill. Nat. Bank & Trust Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987).  The Court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  Such appointments aim "to protect the interests of the putative class."  Fed. R. Civ. P. 23(g) advisory committee's note (2003).

This Court has the authority to appoint interim class counsel in the absence of competing applications.  "When one applicant seeks appointment as class counsel, the court may appoint that applicant only if the applicant is adequate under Rule 23(g)(1) and (4)."  Fed. R. Civ. P. 23(g)(2).  This provision also "authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made."  Fed. R. Civ. P. 23(g) advisory committee's note (2003); *see also Southeast Missouri Hospital v. C.R. Brand, Inc.*, No. 1:07CV0031TCM, 2007 WL 4191978, at *2 (E.D. Mo. Nov. 21, 2007) (noting that "[t]he court may designate interim class counsel" and that "[w]hen there is one applicant for appointment as class counsel, the court may appoint that applicant") (citations omitted).

Plaintiffs respectfully submit that the Court's exercise of this authority is warranted to deter wasteful copycat litigation given the posture of this proposed nationwide class action.  *See,*

*e.g.*, *Manual for Complex Litigation* § 10.22 (4th ed. 2004) (duplicative complaints "waste time and money, confuse and misdirect the litigation, and burden the court unnecessarily."); *In re Auction Houses Antitrust Litig.*, No. 00 CIV. 0648, 2001 WL 210697, at *4 (S.D.N.Y. Feb. 26, 2001) (duplicative complaints "complicate[] the proceedings by increasing costs of coordination"). Appointment of interim counsel removes the primary incentive to file a copycat case—the opportunity to vie for leadership of the litigation. As a result, if approved by the Court, the unopposed appointments here will substantially reduce the likelihood of counsel being forced to divert resources and energy toward competing counsel and actions, including in any motion seeking to establish a multidistrict proceeding. Girard Decl., ¶ 12.

There is ample precedent for making these interim appointments to clarify the authority of counsel to litigate and negotiate on behalf of the affected group of purchasers. *See, e.g.*, *Southeast Missouri Hospital*, 2007 WL 4191978, at *2 (appointing interim class counsel where only one action had been filed and in the absence of "overlapping, duplicative, or competing suits pending in other courts."); *Tolmasoff v. General Motors, LLC*, No. 16-11747, 2016 WL 3548219, at *9 (E.D. Mich. June 30, 2016) (appointing two law firms as interim class counsel where they filed the only two cases and "others may follow. Moreover, the Court believes that it would be beneficial to formally identify the counsel responsible, at this pre-certification stage, for protecting the interests of the putative class members."); *Roe v. Arch Coal, Inc.*, No. 4:15-CV-1026 (SNLJ), 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (appointing two law firms as interim class counsel despite the defendant's argument that "no other counsel currently is competing for appointment," because other firms may have been "investigating whether to file

suit" and the pending case "would benefit from designated interim class counsel for efficient case management.").[1]

Plaintiffs recognize that certain courts have denied motions to appoint interim counsel in the absence of rival applicants, particularly where defendants opposed the appointments as premature. *See, e.g.*, *Sajfr v. BBG Commc'ns, Inc.*, No. 10-CV-2341-H NLS, 2011 WL 765884 (S.D. Cal. Feb. 25, 2011); *Yaeger v. Subaru of Am., Inc.*, No. CIV.A. 14-4490 JBS/K, 2014 WL 7883689 (D.N.J. Oct. 8, 2014). Plaintiffs disagree with that approach where, as here, counsel have shown a commitment to efficient case management and their interim appointment will further the efficient resolution of the case. The requested appointments here are unopposed and without prejudice to the Court's decisions on class certification and any appointment of class counsel in a non-interim capacity. *See* W. Rubenstein, *Newberg on Class Actions* § 3:72 (5th ed.) ("Courts maintain a continuing duty to monitor class counsel and are obligated to return to the issue of adequacy in the course of the litigation if necessary to protect the interests of the class.").

## B. Mr. Girard and Mr. Miller Should Be Appointed as Interim Class Counsel.

Rule 23(g)(3) provides for the early appointment of counsel to act on behalf of the proposed class. The factors for appointing lead counsel under Rule 23(g)(1) apply "equally to

---

[1] *See also, e.g.*, *Douglas v. Haier Am. Trading, LLC*, No. 11-cv-02911 EJD (PSG), 2011 U.S. Dist. LEXIS 91695 (N.D. Cal. Aug. 17, 2011) (appointing as interim class counsel the only two firms with cases on file); *In re Calif. Title Ins. Antitrust Litig.*, No. 08-01341 JSW, 2008 WL 4820752, at *1 (N.D. Cal. Nov. 3, 2008) (appointing interim "co-class counsel" where there were "no competing applicants."); *In re AXA Wage & Hour Litig.*, No. C 06-04291 JSW, 2007 WL 4145116, at *1 (N.D. Cal. Nov. 19, 2007) (same); Order Approving Stipulation Regarding Appointment of Interim Class Counsel, *Call v. Wells Fargo & Co.*, No. 4:11-cv-05215-CW (N.D. Cal. Jan. 10, 2012), ECF No. 15; Order Appointing Interim Class Counsel, *Stedman v. Mazda Motor Corp.*, No. 8:14-cv-01608-JVS-AN (C.D. Cal. Jan. 9, 2015), ECF No. 38; Order Approving Stipulation Appointing Interim Class Counsel, *Holland v. Yahoo! Inc.*, No. 5:13-cv-04980 (N.D. Cal. Jan. 22, 2014), ECF No. 29; Order Approving Stipulation to Appointment of Girard Gibbs LLP as Interim Counsel, *Sugarman v. Ducati N. Am., Inc.*, No. 5:10-cv-05246-JF (N.D. Cal. Apr. 19, 2011), ECF No. 63**.**

the appointment of interim lead counsel before certification." *In re: Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013); *see also In re Air Cargo Shipping Servs.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). As such, this Court should consider the following factors in appointing interim class counsel:

>   i.   the work counsel has done in identifying or investigating potential claims in the action;
>
>   ii.  counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
>
>   iii. counsel's knowledge of the applicable law; and
>
>   iv.  the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A)(i-iv). The Court "may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

### 1. Counsel have thoroughly investigated and efficiently advanced the claims.

The first Rule 23(g) factor looks to the work proposed interim class counsel have done "in identifying or investigating potential claims in the action." Fed. R. Civ. P. 23(g)(1)(A)(i). Proposed interim counsel have dedicated and will continue to devote substantial resources to investigating the facts underlying these claims. Girard Decl., ¶ 5; Miller Decl., ¶¶ 4, 9. Additionally, as noted above, counsel have made substantial progress in litigating this case in a professional and efficient manner. Girard Decl., ¶ 6; Miller Decl., ¶¶ 3, 4. Counsel's work and investigation are ongoing and include the following:

- Conducting client and class member interviews;

- Investigating complaints regarding Motorola's warranty service, including through review of consumer affairs forums, social media, and other consumer reports;

- Analyzing information relating to Motorola's corporate structure, warranty documents, and other publicly available information pertaining to Motorola and its products;

- Conducting legal research regarding claims on behalf of Plaintiffs and proposed class members;

- Drafting discovery requests and reviewing more than one thousand pages of documents produced by Motorola in discovery; and

- Drafting, issuing, and negotiating compliance with subpoenas to third-party cell phone service providers and resellers.

Girard Decl., ¶¶ 5, 6; Miller Decl., ¶ 4.

### 2. Counsel have extensive experience with class actions and complex litigation and a substantial knowledge of the applicable law.

In deciding motions under Rule 23(g), courts consider proposed class counsel's experience with and knowledge of the applicable law. *See*, *e.g.*, *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004); Fed. R. Civ. P. 23(g)(1)(A)(ii & iii). In these respects, Daniel Girard and Mark Miller are qualified to serve as interim class counsel here: they have litigated similar claims in leadership roles in many similar class actions.

#### a. Daniel C. Girard

Mr. Girard is the founder and managing partner of Girard Gibbs LLP. Girard Decl., ¶ 1. He has considerable experience litigating consumer class actions. *See* Girard Decl., ¶ 7. Mr. Girard has litigated numerous state and federal actions. *Id.* In addition to consumer protection cases, Mr. Girard has successfully represented plaintiffs in a range of cases involving securities, corporate governance, antitrust, telecommunications, and civil rights. *Id.*

Mr. Girard has specialized in class actions since 1988. *Id.* Representative cases in which Mr. Girard served in a leadership capacity include:

7

- *In re Peregrine Fin. Grp. Customer Litig.*, No. 1:12-cv-05546 (S.D. Ill.). Girard Gibbs served as co-lead counsel in consolidated actions brought by customers of a failed commodities futures merchant against a commercial bank for violations of the Commodities Exchange Act. The litigation generated three settlements totaling $75 million.

- *Billitteri v. Securities Am., Inc.*, No. 3:09-cv-01568-F (N.D. Tex.). Girard Gibbs served as lead counsel in an action brought by investors in a failed investment scheme. Girard Gibbs coordinated settlement negotiations with bankruptcy trustees and competing plaintiff groups, resulting in a global $150 million settlement. In approving this settlement, U.S. District Judge W. Royal Furgeson wrote: "Class counsel in this case possess great competence and experience, and the result reached in this case perfectly exemplifies their abilities. The Court has been extremely impressed with the conduct, skill, and accomplishment of class counsel throughout this litigation." 2011 WL 3585983, at *8 (N.D. Tex. Aug. 4, 2011).

- *In re Lehman Brothers Equity/Debt Sec. Litig.*, No. 08-Civ-5523 (S.D.N.Y.). Girard Gibbs served as court-appointed lead counsel for a certified class of retail investors in structured products sold by UBS Financial Services, Inc. The case followed the collapse of Lehman Brothers Holdings, Inc.—the largest bankruptcy in U.S. history. The plaintiffs alleged that UBS misrepresented Lehman's financial condition and failed to disclose that the "principal protection" feature of many of the notes depended upon Lehman's solvency. Girard Gibbs negotiated a $120 million settlement to resolve the claims.

- *In re PayPal Litig.*, No. C-02-1227-JF (PVT) (N.D. Cal.). Girard Gibbs served as lead counsel in a class action against PayPal alleging violations of the Electronic Funds Transfer Act and California consumer protection statutes. Girard Gibbs achieved a recovery of $14.35 million in cash and returned funds, and additional injunctive relief.

- *In re H&R Block Express IRA Litig.*, MDL No. 1786, No. 4:06-md-1786 (W.D. Mo.). Girard Gibbs served as co-lead counsel on behalf of consumers who invested in H&R Block retirement accounts and were assessed inadequately disclosed fees. The case settled in coordination with an action by the New York Attorney General and recovered $19.5 million, with consumers receiving full refunds of all fee payments with interest.

- *Mitchell v. American Fair Credit Assoc.*, Case No. 785811-2 (Cal. Super. Ct. Alameda County); *Mitchell v. Bankfirst, N.A.*, Case No. C-97-1421-MMC (N.D. Cal.). Girard Gibbs served as lead counsel in a predatory lending class action that resulted in a settlement valued at over $40 million in refunds, elimination of adverse credit references, and debt write-offs.

b.   Mark Miller

Mark Miller is a partner of Wexler Wallace LLP.  Miller Decl., ¶ 1 .  Like Mr. Girard,

Mr. Miller has extensive experience representing plaintiffs in class actions and complex

litigation.  *See* Miller Decl., ¶ 6.  Mr. Miller has participated in all phases of complex litigation,

and he has handled a wide variety of consumer protection, antitrust, securities, banking

regulation, business, and contractual class-action cases.  *Id*.

Representative cases in which Mr. Miller's firm served in a leadership capacity include:

- *Carter v. Allstate*, Case No. 02-CH-16092 (Cir. Ct. Cook Co. Ill.). Mr. Miller was appointed co-lead counsel in a class action alleging that Allstate refused to pay its policyholders either their replacement costs or the limits of liability under the Residential Fire Insurance Policy after fire damaged the insureds' premises; a 38-state multi-million dollar settlement provided substantial cash recovery to each participating class member.

- *In re Pharm. Indus. Average Wholesale Price Litig.*, MDL No. 1456 (D. Mass.). Wexler Wallace was co-lead counsel in a pharmaceutical overpricing case. Wexler Wallace served on the trial team and worked to obtain settlements with various defendants totaling approximately $350 million.

- *New England Carpenters Health Benefits Fund v. First Databank, Inc. & McKesson Corp.*, Case No. 05-cv-11148 (D. Mass.).  Wexler Wallace served as co-lead counsel in this pharmaceutical overpricing case.  The case resulted in a $350 million settlement, exclusive of non-monetary relief valued at hundreds of millions of dollars.

- *In re Pet Foods Prods. Liab. Litig.*, MDL No. 1850 (D.N.J.).  Wexler Wallace served as co-lead counsel in consumer multidistrict litigation stemming from a recall of pet food.  The case yielded a $24 million settlement.

- *Roberts v. Electrolux Home Prods. Inc.*, Case No. 12-cv-1644 (C.D. Cal.). Wexler Wallace served as co-lead counsel in a nationwide product liability class action on behalf of consumers who purchased allegedly dangerous and defective clothes dryers.  The case resulted in settlements valued at more than $35.5 million.

- *Nichols v. Smithkline Beecham Corp.*, Case No. 00-cv-6222 (E.D. Pa.).  Wexler Wallace served as co-lead counsel in an antitrust case concerning allegedly sham patent litigation that delayed market entry of generic versions of the prescription drug Paxil.  The case resulted in a $65 million settlement.

- *In re Nexium (Esomeprazole) Antitrust Litig.*, Case No. 12-md-02409 (D. Mass.). Wexler Wallace served as co-lead counsel in a generic suppression reverse payment antitrust case. Wexler Wallace served on trial team. The case is currently on appeal.

Miller Decl., ¶ 7.

Mr. Miller is familiar with the local rules of this Court, and his firm has served in a leadership capacity in many other cases in this District, including the following recent examples:

- *In re VTech Data Breach Litig.*, Case No. 1:15-cv-10889 (N.D. Ill.). Wexler Wallace serves as interim liaison counsel in consolidated litigation, representing parents who purchased digital learning toys from VTech North America, LLC, as well as children who used them.

- *In re: Fluidmaster, Inc., Water Connector Components Prods. Liab. Litig.*, Case No. 1:14-cv-05696 (N.D. Ill.). Wexler Wallace serves as interim liaison counsel in this consolidated litigation and represents purchasers of plumbing products who assert breach of warranty and other claims.

- *Gibson v. The Quaker Oats Co.*, Case No. 1:16-cv-04853 (N.D. Ill.). Wexler Wallace serves as interim liaison counsel on behalf of purchasers of oat-based food products who allege, among other violations, breaches of express warranty.

Miller Decl., ¶ 8.

### 3. Counsel have committed and will continue to commit the resources necessary to protect and advance the interests of the proposed class.

The final 23(g)(1) factor, which focuses on the resources counsel will commit to the case, also supports the requested appointments here. Counsel are mindful of the substantial time and money required to prosecute class action litigation, and are able and willing to commit the necessary resources. Girard Gibbs recently demonstrated its willingness to commit the necessary resources to reach a satisfactory result in a decade-long litigation against Intel Corporation that resolved just prior to opening statements. As Judge Peter Kirwan observed, "It is abundantly clear that Class Counsel invested an incredible amount of time and costs in a case which lasted

approximately 10 years with no guarantee that they would prevail." *Skold v. Intel Corp.*, No. 1-05-CV-03231 (Cal. Super. Ct., Santa Clara Cty.).

Similarly, Wexler Wallace has repeatedly shown its commitment to prosecuting complex class action cases to their completion—regardless of the time and cost involved. For example, in both *In re Pharm. Indus. Average Wholesale Price Litig.* and *In re Nexium (Esomeprazole) Antitrust Litig.* (citations above), Wexler Wallace demonstrated its willingness to commit the time and resources necessary to prosecute the cases from inception through trial despite numerous years of litigation and millions of dollars in costs.

Girard Gibbs and Wexler Wallace have worked together successfully in the past and are committed to pursuing the best interests of this proposed class in an efficient manner. Miller Decl., ¶ 3. Mr. Girard and Mr. Miller fully understand the investment of time and resources necessary to bring this action to a successful resolution. Their firms, which collectively employ a substantial number of attorneys and support staff, have made and will continue to make the required investment here. Girard Decl, ¶ 9; Miller Decl., ¶ 9.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court designate Daniel C. Girard of Girard Gibbs LLP and Mark Miller of Wexler Wallace LLP as interim class counsel in this case.

DATED: August 24, 2016       Respectfully submitted,

                                         /s/ *Daniel C. Girard*
                                         Daniel C. Girard (No. 114826)
                                         Jordan Elias (*pro hac vice*)
                                         Esfand Nafisi
                                         **GIRARD GIBBS LLP**
                                         601 California Street, Suite 1400
                                         San Francisco, California 94108
                                         Telephone: (415) 981-4800

Facsimile: (415) 981-4846
dcg@girardgibbs.com

Kenneth A. Wexler
Mark R. Miller
Adam Prom
**WEXLER WALLACE LLP**
55 W. Monroe Street, Ste. 3300
Chicago, Illinois 60603
Telephone: (312) 346-2222
Facsimile: (312) 246-0022
mrm@wexlerwallace.com

*Attorneys for Individual and Representative
Plaintiffs Douglas Lynch, Jariel Arias, Kyle
Johnson, Janna Laverdiere, Robert Mahon, Jordan
Potts, and Jeffrey Sanders*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 24, 2016, a true and correct copy of the foregoing document was filed on the Court's CM/ECF system, and was thereby made available to counsel of record.

Executed this 24th day of August, 2016 at San Francisco, California.

_____/s/ *Daniel C. Girard*_____