UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS LYNCH, JARIEL ARIAS, KYLE JOHNSON, JANNA LAVERDIERE, ROBERT MAHON, and JEFFREY SANDERS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOTOROLA MOBILITY LLC d/b/a MOTOROLA and LENOVO (UNITED STATES) INC.,<br><br>Defendants. | Case No. 1:16-cv-4524<br><br>**The Honorable Gary Feinerman** |

### ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS

WHEREAS on November 8, 2017, Douglas Lynch, Jariel Arias, Kyle Johnson, Janna Laverdiere, Robert Mahon, and Jeffrey Sanders ("Plaintiffs") filed a Motion for Attorneys' Fees, Expenses, and Service Awards (the "Motion"). ECF 83.

WHEREAS the parties, having met and conferred, have stipulated to the maximum amount of attorneys' fees, expenses and service awards that Motorola Mobility LLC d/b/a Motorola and Lenovo (United States) Inc., (collectively "Motorola") will pay, subject to this Court's approval.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**, consistent with the parties' agreement, Plaintiffs' Motion is **granted in part**. *See* Fed. R. Civ. Proc. 23(h) (the Court may award "reasonable attorney's fees and nontaxable costs that are authorized by . . . the parties' agreement").

1

The parties' settlement resolved claims brought pursuant to the Class Action Fairness Act, Magnuson-Moss Warranty Act, which contains a fee-shifting provision, and state laws. *Reid v. Unilever United States, Inc.*, No. 12 C 6058, 2015 WL 3653318, at *3 (N.D. Ill. June 10, 2015), *aff'd sub nom. Martin v. Reid*, 818 F.3d 302 (7th Cir. 2016). In addition, the settlement provides substantial injunctive and monetary relief to members of the classes. The Court finds that Girard Gibbs LLP and Wexler Wallace LLP ("Class Counsel") are entitled to reasonable attorneys' fees and expenses for their efforts to successfully resolve Plaintiffs' claims.

The Court finds that the use of the lodestar method to calculate attorneys' fees is appropriate. *See In re Sears, Roebuck and Co. Front-Loading Washer Products Liability Litigation*, 2016 WL 4765679, at *5 (N.D. Ill. Sept. 13, 2016) (calculating fees in MMWA case based on lodestar); *Skeen v. BMW of North Am. LLC*, 2016 WL 4033969, at *18 (D.N.J. July 26, 2016) (lodestar "is the proper method" for calculating fees under the MMWA). In addition, "the lodestar approach is best in cases," such as this one, "with substantial injunctive . . . components." *Harsch v. Eisenberg*, 956 F.2d 651, 663 (7th Cir. 1992) (quoting *Kirchoff v. Flynn*, 786 F.2d 320, 328 (7th Cir. 1986)). The Court also notes that the Seventh Circuit has recently approved of the lodestar method in a similar case. *In re Sears, Roebuck and Co. Front-Loading Washer Prods. Liability Litig.*, 867 F.3d 791 (7th Cir. 2017).

"The starting point for determining fees based upon lodestar is calculated by multiplying the number of hours of work spent on the matter by the hourly market rates of the individuals. The lodestar amount is then subject to such adjustment as facts and circumstances may require." *Turner v. Beneficial Nat. Bank*, 405 F. Supp. 2d 929, 931 (N.D. Ill. 2005) (citations omitted). The Court has reviewed Class Counsel's submissions, including the hours expended, hourly rates, and Plaintiffs' claimed lodestar of $775,413. Pursuant to the parties' agreement, the Court

awards Class Counsel $400,000 in attorneys' fees. The Court finds that the agreed-upon amount is reasonable in light of the time expended by Class Counsel for the benefit of the classes and their hourly rates. Among other things, Class Counsel developed the claims in this litigation, opposed Motorola's motion to dismiss, pursued discovery, and spent months negotiating the terms of the parties' settlement. Class Counsel's hourly rates are the same as or below the rates the firms charge to their fee-paying clients in non-contingent matters and consistent with the rates found in the Chicago portion of the United States Consumer Law Attorney Fee Survey Report. *See Unilever*, 2015 WL 3653318, at *25 (collecting cases citing the Fee Survey Report).

Class Counsel has also sought reimbursement of their litigation expenses. The expenses for which Class Counsel seek payment include filing and other court fees, legal research, copying costs, fees for serving third-party subpoenas, and transportation and lodging for attendance at hearings. Courts regularly provide for the payment of these types of expenses. *Cook v. McCarron*, No. 92 C 7042, 1997 WL 47448, at *19 (N.D. Ill. Jan. 30, 1997), *aff'd sub nom. Cook v. Niedert*, 142 F.3d 1004 (7th Cir. 1998) (awarding costs for consulting experts, telephone charges, filing and service fees, photocopying, and computerized legal research); *City of Greenville v. Syngenta Crop Prot., Inc.*, 904 F. Supp. 2d 902, 910 (S.D. Ill. 2012) (awarding requested expenses because "the costs sought here are of the type that are routinely reimbursed by paying clients, such as experts' fees, other consulting fees, deposition expenses, travel, and photocopying costs."). Pursuant to the agreement of the parties, the Court awards Class Counsel $21,000 in litigation expenses.

Lastly, each of the Plaintiffs has requested service awards in the amount of $600. "Incentive awards are commonly awarded to those who serve the interests of the class." *Briggs v. PNC Financial Servs. Group, Inc.*, 2016 WL 7018566, at *2 (N.D. Ill. Nov. 29, 2016). Courts

routinely approve incentive awards greater than $600. *See Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 239 (N.D. Ill. Mar. 2, 2016) ($1,500); *Schulte v. Fifth Third Bank*, 805 F.Supp.2d 560, 601 (N.D. Ill. 2011) ($1,000); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 503 (N.D. Ill. 2015) ($5,000). In this case, Plaintiffs took on the responsibility of serving as class representatives, worked with Class Counsel to develop the claims in this case, reviewed pleadings, produced documents, responded to interrogatories, and conferred with Class Counsel regarding settlement. The Court finds that the requested $600 service award is reasonable and, pursuant to the agreement of the parties, awards each Plaintiff a service award in the amount of $600.

**SO ORDERED:**

Dated: 2/1/2018

Honorable Gary Feinerman
United States District Court Judge
U.S. District Court for the Northern District of Illinois

4